Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for the Plaintiff
(Other attorneys on signature page)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Christopher Robinson, Individually and on Behalf of All Others Similarly Situated,** <br><br> **Plaintiffs,** <br> v. <br><br> **Midland Funding, LLC,** <br> Defendant. | **Case Number:  10 CV 02261 MMA AJB** <br> **CLASS ACTION** <br><br> **Plaintiff's Memorandum of Points & Authorities in Opposition to Defendant's Motion to Dismiss or Stay on Primary Jurisdiction Grounds Or, In the Alternative, to Dismiss Under Rule 12(b)(6).** <br><br> **Hearing Date:   February 7, 2011** <br> **Time:              2:30 p.m.** <br> **Courtroom:      5** <br> **Judge:   Honorable Michael M. Anello** |

1

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. THIS MOTION SHOULD NOT BE STAYED BECAUSE OF A PENDING
    NOTICE OF PROPOSED RULEMAKING PROCESS . . . . . . . . . . . . . . . . . . . 3

    1. The 9th Circuit Has Held that Primary Jurisdiction is to Be Used in a Very
    Limited Manner in Cases of First Impression or If the Integrity of a Regulatory
    Scheme Needs to   Be Protected, Neither of Which Are Present Here . . . . . . . . . 3

    2. Defendant Has Not Shown Any Related Issue Considered in the NPRM That
    Would Justify Staying This Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    3. There is Nothing in the TCPA History Cited by Defendant that
    Would Prevent This Case From Going Forward. . . . . . . . . . . . . . . . . . . . . 6

    4. The NPRM Proposes A Stricter Rule to Prove the Called Party Provided
    Prior Express Consent under the TCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    5. There is Nothing Technical in This Case, nor Does This Case Purport to
    Establish Policy on Behalf of Congress or the FCC As Defendant Contends.. . . . 8

    B. PLAINTIFF HAS SUFFICIENTLY STATED A CLAIM FOR RELIEF
    FOR A VIOLATION OF THE TCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    1. *Twombly* & *Iqbal* Do Not Require Any More Than Plaintiff
    Has Alleged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    2. Many Courts Have Found Allegations Similar to Plaintiff's to Be
    Sufficient. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i

## TABLE OF AUTHORITIES

### CASES

*Abbas v. Selling Source, LLC*, 2009 WL 4884471 (N.D. Ill. 2009) -------------------------- 1,12,13

*Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) -------------------------- 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) -------------------------------------- 11,12,13,14,15

*Brown v. Hostco & Buchan PLLC*, 2010 WL 4352932 (W.D. TN 2010), -- F. Supp.2d – 2010  14

*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). -------------------------- 11

*Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008) --------------------------passim

*Cooney v. Rossiter*, 583 F3d 967, 971 (7th Cir. 2009) -------------------------------------- 11

*Kazemi v. Payless Shoe Source, Inc.*, 2010 WL 963225 (N.D. Cal. 2010) ---------------------- 12

*Kramer v. Autobytel*, 2010 WL 5463116 (N.D. Cal. 2010) -------------------------------------- 13

*Reyes v. Saxon Mortgage Services, Inc.*, 2009 WL 3738177 (S.D. Cal. 2009) ------------------ 13

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009). -------------------------- 12

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) -------------------------------------- 11

### STATUTES

47 U.S.C. Section 227 (b)(1)(A)(iii)  --------------------------------------------------4,5,12,14

47 U.S.C. Section 227c(1)-(4).  ------------------------------------------------------------6

FCC Declaratory Ruling 07-232 (Dec. 28, 2007) FCC 07-232 ------------------------------ 5,7

Fed. R. Civ. Pro. 8(a)(2)  -------------------------------------------------------------- 11

Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ----------------------------passim

### REGULATIONS

FCC Declaratory Ruling 07-232 (Dec. 28, 2007) FCC 07-232 ------------------------------ 5,7

Plaintiff's Memo of Points & Authorities in
Opposition to Def's Mtn to Stay or Dismiss

10 CV 02261 MMA AJB

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant tries to avoid liability for its violations of the Telephone Consumer Protection Act ("TCPA") by coming up with a novel idea – to dismiss or stay the action, arguing the Federal Communications Commission's ("FCC") "primary jurisdiction" applies.[1] That is an argument Plaintiff's counsel has not seen before in years of litigating these TCPA cell phone calling cases. And the reason is such a motion is misplaced. The law in the 9th Circuit is clear about when the doctrine of primary jurisdiction may be applied – in very limited circumstances – none of which apply here. *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008) holds that the doctrine is used sparingly, and only when the case has an issue of first impression, or there is a technical question at issue with which the agency has clear expertise, or when a decision of the Court would interfere with the integrity of the regulatory scheme. Even a cursory examination of the facts of this case reveals it satisfies none of the *Clark* requirements and this motion should be summarily denied.

Plaintiff is basing his case upon the TCPA as it exists at this time. He will proceed with the proof of the claims based upon the existing law. That is the way it works, as the Court well knows. But the FCC is always attempting to carry out its duties in protecting consumers by modifying rules and regulations that interpret and implement procedures that cover the entire TCPA body of law. Defendant found that over a year ago the FCC proposed a new rule through its Notice of Proposed Rulemaking ("NPRM"), and the FCC invited public comment, as is

---

[1]   The statute at issue here, 47 U.S.C. § 227(b)(1)(A), states: ("*It shall be unlawful* for any person within the United States or any person outside the United States if the recipient is within the United States—*(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice*—
(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
(iii) *to any* telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]"). Emphasis added.

required by law.  Even though the only part of that law remotely related to any issue in this case

has to do with imposing stricter requirements on debt collectors such as Defendant and others

that call persons on their cell phones regarding the TCPA's "prior express consent",  Defendant

argues that this Court cannot proceed with this case because to do so would somehow

"undermine" the FCC's efforts.  However, even if that part of the NPRM impacted this case –

and it does not as there is another prior express consent rule in place – that does not satisfy the

*Clark* test.  The *Clark* test is not satisfied because this Court will only determine in this case if

Defendant violated the TCPA by calling persons on their cell phones with an "automatic

telephone dialing system or with an artificial or prerecorded voice message" without their prior

express consent.  That task will not involve any of the things Defendant claims it might, and will

not "undermine" the FCC's duties or interfere with any integrity of any regulatory scheme under

*Clark.*  Therefore, this action should not be stayed or dismissed under the primary jurisdiction

doctrine.

In any event, if the case was stayed, such a stay would be impractical and unrealistic in

preventing Plaintiff from obtaining the relief to which he is entitled.  For example, that NPRM

process could take months and even years to complete.  Should Plaintiff have to wait as long as it

takes the FCC to rule?  But what if the FCC proposes another NPRM while this case is pending?

Would Defendant then again urge this Court to stay the action?  Would this go on for decades?

Would the parties have to wait until all future regulations have finally been passed, and all laws

are cast in stone?  To state it is to see the absurdity.  Yet Defendant argues the Court should wait

and see what the "law" will be when the NPRM is completed.   But any such change in the law

will not make a difference because any such change in the pending NPRM has nothing to do

with any of the issues in this case and would *not* affect the facts and issues in this case, except

perhaps make Defendant's case more difficult for it.   In any event, the case does not satisfy the

Clark test in any manner so this case should not be stayed at all.

The Rule 12(b)(6) motion to dismiss should also be denied, as it seeks to demand an

improper standard be imposed in TCPA cases.  Defendant's reliance on the Northern District of

Illinois in the case of *Abbas v. Selling Source, LLC*, 2009 WL 4884471 (N.D. Ill. 2009) is

misplaced because many other cases in this circuit and others have refused to require the details the *Abbas* court required.   Plaintiff has met the *Twombly / Iqbal* pleading requirements by showing a "plausible" claim in his allegations in the Complaint.

## II.  STATEMENT OF RELEVANT FACTS.

In summary, Plaintiff has filed a Complaint alleging that Defendant called him on his cell phone with an automatic telephone dialing system or with an artificial or prerecorded voice without his prior express consent to be called in that manner, in violation of the TCPA. Complaint, paras. 9-15.  He applied for and obtained credit from Defendant's assignor and when he fell behind in his payments, Defendant began a campaign of calling him to have him make payments. *Id*. Plaintiff never provided prior express consent to Defendant nor to the assignor to be called on his cell phone in such a manner. *Id*.  Plaintiff seeks to represent a class of persons similarly situated, also called on their cell phones in that manner without prior express consent. *Id*. at 20-22; 28-29.   Plaintiff seeks injunctive relief and statutory damages of $500 to $1,500 per call. *Id*. at 30, 31, 34, 35.

## III.  ARGUMENT

### A.  THIS MOTION SHOULD NOT BE STAYED BECAUSE OF A PENDING NOTICE OF PROPOSED RULEMAKING PROCESS.

> **1.  The 9th Circuit Has Held that Primary Jurisdiction is to Be Used in a Very Limited Manner in Cases of First Impression or If the Integrity of a Regulatory Scheme Needs to Be Protected, Neither of Which Are Present Here.**

Defendant urges the Court to stay or dismiss this action based upon the "primary jurisdiction" doctrine wherein courts defer to regulating agencies on technical or very complicated issues where the agencies are better suited to make those decisions. But Defendant has not and cannot point to *any* "garden – variety" TCPA calls to cell phones case over the years that was ever stayed as Defendant urges in circumstances like the present.  There never has been such a case, to Plaintiff's knowledge.  But there have been many proposed rulemaking procedures. But in the leading case of *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008), the 9th Circuit  held that "primary jurisdiction" is a very limited remedy, only to be used

in "limited circumstances". The court explained "the doctrine is not designed to 'secure expert advice' from agencies 'every time a court is presented with an issue conceivably within the agency's ambit.'" *Id.* Instead, it is to be used only if a claim

> "requires resolution of *an issue of first impression*, or of *a particularly complicated issue* that Congress has committed to a regulatory agency, (citation omitted) and if '*protection of the integrity of a regulatory scheme* dictates preliminary resort to the agency which administers the scheme.'"

*Id.*, emphasis added.

In that case, the court upheld the imposition of the primary jurisdiction doctrine because the case was about whether the plaintiff "VoIP provider" (Voice Over Internet provider) qualified as a "telecommunications carrier" under the FCC rules, and therefore was subject to rules against "slamming", i.e., switching a person's telephone carrier without permission.   The district court found that the rule against slamming "applies only to 'telecommunications carriers,' and that the question of whether a VoIP provider meets this definition has never been resolved". *Id.* at 1112. As a result, the 9th Circuit court upheld the district court's application of the  primary jurisdiction doctrine for two reasons.  It found the case was 1) a case of first impression  and 2) the FCC had existing rules and was developing new rules relating to that very issue and the new Voice Over Internet technology. *Id.* at 1115.

*Clark* instructs that here the issues are clearly outside the realm of primary jurisdiction. First, there is absolutely no "first impression" issue here.   These cell phone cases have been litigated time and again, and the issue is simply whether Defendant called Plaintiff and the putative class members on their cell phones  with an autodialer or with an artificial or prerecorded voice, in violation of  47 U.S.C. Section 227 (b)(1)(A)(iii).   Second, there is no "new technology" involved in this case at all.  Despite Defendant's claims to the contrary, there is simply no technology issue that will be before the Court in this case.  The most "technical" issue is whether the auto dialer used by Defendant satisfies the definition of "an automatic telephone dialing system" under the statute.  But that is plainly not a technical issue because that is defined under regulations and case law.  An expert will describe the equipment and what it does and the Court will decide if the definition is met by that description.   Thus, this case does

1  not meet any 9ᵗʰ Circuit test for imposing the primary jurisdiction doctrine.

2  ### 2.  Defendant Has Not Shown Any Related Issue Considered in the
3  ### NPRM That Would Justify Staying This Litigation.

4      Defendant claims this action should be stayed because the issues in this case "are

5  squarely before the FCC in an ongoing rulemaking proceeding."  Def's Memo at 1.  That is far

6  from the truth.  As a threshold issue, that "issues are squarely before the FCC" "test" urged by

7  Defendant  does not satisfy the 9ᵗʰ Circuit's test for applying the primary jurisdiction doctrine,

8  described above.  The inquiry should stop there and Defendant has also cited *Clark v. Time*

9  *Warner Cable* as the leading case, and has not cited one case for its argument that this Court

10  should go beyond *Clark's* rationale to apply primary jurisdiction.

11      In any event, even if the "squarely before the FCC" test was a valid test, the issues in this

12  case have absolutely nothing to do with the FCC's Notice of Proposed Rulemaking ("NPRM")

13  and are not "squarely before the FCC" as Defendant contends. Def's Memo at 1.  Even a cursory

14  review of the NPRM confirms that the FCC is *not* seeking in that NPRM to do anything

15  whatsoever to modify, change, rescind, add to or otherwise undo the TCPA, passed by Congress

16  in 1991, 47 U.S.C. Section 227 *et seq*.  That is especially true as it relates to this case as *nothing*

17  in the NPRM has anything at all to do with what Plaintiff needs to prove in establishing the

18  elements of his claim for a violation of only a very small portion of the TCPA, 47 U.S.C. Section

19  227 (b)(1)(A)(iii).  That section prohibits autodialed calls or calls with prerecorded voice

20  messages to cell phones without the called person's "prior express consent" to receive those

21  types of calls. This case is simply about whether Defendant called Plaintiff and other putative

22  class members with an "automatic telephone dialing system or an artificial or prerecorded voice"

23  on their cell phones as prohibited by the TCPA, 47 U.S.C. Section 227 (b)(1)(A)(iii).  That is

24  illegal unless the person called gave their "prior express consent".  *Id.*   If Defendant made the

25  calls, it is liable for statutory damages of $500 for each call made negligently, or $1,500 for each

26  call, if made willfully. *Id.*

27      Yet Defendant claims in this motion that somehow this NPRM and the FCC's final ruling

28  on the proposed Rule will somehow affect this case.  But that argument is unsupported by any

portion of the NPRM and Defendant has failed to point to any legitimate basis for such a

position.  For example, Defendant argues that this Court would first "determine (among other things) whether the TCPA's restrictions apply to debt collectors".  Def's Memo at 10.  That is absolutely false.  The TCPA already applies to debt collectors as well as telemarketers or anyone else calling phone numbers with an autodialer.  See the December 28, 2007 FCC Declaratory Ruling, In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("2007 Ruling"), FCC 07-232, at paragraphs 10, 11, 14  (Ex. 7 to Def's Request for Judicial Notice.)  There is nothing in the NPRM that would exempt debt collectors from the TCPA's coverage and Defendant does not cite to any such provision.  Secondly, Defendant argues this Court would have to determine whether the "automatic telephone dialing system" used by Defendant is illegal.  Def's Memo at 10.  Defendant claims that issue is "currently before the FCC".  However, nowhere in the NPRM  is that issue addressed, and Defendant does not tell us where it is located in the NPRM.   It simply isn't there.  In any event, the elements of an "automatic telephone dialing system" are already set forth in the rules and regulations and existing case law and is an easy matter to prove at trial through expert testimony.

### 3.  There is Nothing in the TCPA History Cited by Defendant that Would Prevent This Case From Going Forward.

Closely examining Defendant's motion, it is apparent that there is nothing in the motion that would prevent this case from proceeding.  First, not in support of any argument, but perhaps by way of background, Defendant sets forth its version of a brief history of the 1991 statute and some subsequent FCC Rulings interpreting and implementing that statute.  (Congress did give the FCC the power to implement rules to carry out the intent of the statute, to protect the privacy of the public. 47 U.S.C. Section 227c(1)-(4).  Def's Request for Judicial Notice, Ex. 7, fn. 4, p. 1.)   At first Defendant seems to be arguing that the TCPA and the FCC's rules and regulations about the TCPA  do not apply to the class of businesses to which it belongs, debt collectors.  Def's Memo at 5-6.  Defendant argues that is because they are either were not autodialed calls or were otherwise "exempted" and that debt collectors were not targeted by the TCPA.  *Id.*  But several pages later, Def's Memo at 7, Defendant cites to the 2007 Ruling which specifically confirms earlier findings that debt collectors *are* in fact liable under the TCPA.  See 2007 Ruling, FCC 07-232, at paragraphs 10, 11, 14  (Ex. 7 to Def's Request for Judicial Notice).  That

fact is beyond question, and Defendant has to admit that.   But the other pages of discussions about early and prior FCC Rulings shed no light on the issue at hand, whether the case is a case of first impression or a case that would impact the FCC's regulatory scheme under *Clark.*  Def's Memo at 5-7.

### 4.   The NPRM Proposes A Stricter Rule to Prove the Called Party Provided Prior Express Consent under the TCPA.

There is absolutely no reason to stay this action because of it, but there is one part of the NPRM that may affect the burden of proof in proving these TCPA cases against debt collectors, telemarketers and others that call cell phones (or text to them) in the course of their business. But that proposed rule *does not help* Defendant or make its burden easier so as to assist it here in its defense if adopted.   The opposite is true -- instead it may only make it more difficult for Defendant or other debt collectors to prove their affirmative defense of "prior express consent". But regardless of whether the proposed rule is adopted, there is already an existing rule that sets forth a test for proving prior express consent.   It is not as if there is a void waiting to be filled by the FCC's rule that we need to wait for.    The rule exists in the 2007 Ruling.   Def's Request for Jud. Notice, Ex. 7.   There is certainly no need to stay this case to wait for any such NPRM Ruling in order to determine if there is a test for prior express consent.

With the NPRM, the FCC proposes  to make it *harder* for entities such as Defendant to claim they have the called person's "prior express consent" by making the caller satisfy several more stringent requirements than presently exist:

1.   The agreement must be an express agreement in writing;
2.   That writing must set forth that the purpose of the agreement is to authorize the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice;
3.   That the agreement not be a condition of the purchase of any goods or services;
4.   The recipient has to be willing as shown in the agreement to receive such calls; and
5.   The telephone number to which the calls can be made must be included.

See NPRM, Defendant's Request for Judicial Notice, Ex. 1, Appendix A, page 23 of Exhibit 1 (page 27 of all exhibits).  Thus, even assuming *arguend*o, if the Court stays the action, it would

be for no purpose other than perhaps to make it *harder* for Defendant to prove its prior express consent affirmative defense.  Would a court stay indefinitely a driving under the influence case at the defendant's request if the legislature in Sacramento was considering lowering the alcohol level for a presumption of driving under the influence until there was a new decision?  Of course not.  But that is essentially what Defendant asks for here – a deferral just because some agency is reviewing ways to implement rules to follow the TCPA  legislative intent to protect consumers.

Although none of Defendant's discussion applies to the *Clark* test, Defendant then spends much of its argument explaining how everyone in its industry opposes such rule, that they and others have so advised the FCC, and that even Congressmen oppose it.  Def's Memo at 8-9.   In fact, Defendant has requested judicial notice of Exhibits 9 – 17 wherein different persons and entities have advised the FCC of their thoughts and positions on the proposed Rule.  But that does not establish anything for purposes of this motion.  That a NPRM has opponents and supporters is not a factor at all under the *Clark* test.   As with the history discussion in Def's Memo that fails to support its argument to stay the case under *Clark*, this section appears to be provided only to make it appear that because there are many people responding to the FCC about many issues, one of those issues must be important enough to justify a stay.  But again, that is · not relevant under *Clark.*   It is a "given" that the American Collectors Association – the national debt collectors' lobbying association – would oppose making it more burdensome to make calls to cell phones.   *See* Def's Request for Jud. Notice, Ex. 10.   The same is true as to the others commenting on the Rule, Def's Memo at 7-9; Def's Request for Jud. Notice, Ex. 8-17.  But what does any of that have to do with this action?  And more importantly, how does the fact that debt collectors and other entities that want to call anyone, anytime at any phone number all oppose the proposed NPRM Rule satisfy the *Clark* test to invoke the primary jurisdiction doctrine?   It simply doesn't.

### 5.   There is Nothing Technical in This Case, nor Does This Case Purport to Establish Policy on Behalf of Congress or the FCC As Defendant Contends.

Defendant then tries to claim that this Court should invoke primary jurisdiction and stay this case because somehow the issues are too "technical" and involve "regulatory and

policymaking expertise" under *Clark*. Def's Memo at 10-11. That is wholly false. Defendant has not made any legitimate argument as to how and why the NPRM should or could affect *this* case so as to justify a stay until the FCC decides whether to adopt the proposed Rule. Defendant tries to make this case sound like this Court is trespassing on ground that only the FCC can decide, but there could be nothing further from the truth. *Id.* Simply put, Plaintiff has alleged Defendant violated the TCPA by calling cell phones. The *Clark* court says the primary jurisdiction doctrine should be used only in limited situations, such as if *'protection of the integrity of a regulatory scheme* dictates preliminary resort to the agency which administers the scheme.'" *Id.* at 1114. But Defendant tries to prevent this simple TCPA garden-variety cell phone calling case from going forward by arguing the that because there is an issue that is "within the special competence of an administrative agency", and involves a "technical" or "policy" question, this court should not "undermine" the FCC by trying this case. Def's Memo at 9. Nonsense. First, Defendant fails to let the Court know in what way the FCC's regulatory scheme will be impacted, because it will not. The Court here will only enforce the TCPA's provisions. Unless this Court intends to change the TCPA and not just enforce it, there is no policymaking that is going to be an issue in this case. It is clear nothing this Court will do will affect the integrity of the TCPA's regulatory scheme and therefore the *Clark* test is not met.

Similarly, the "technology" part of the NPRM has absolutely nothing at all to do with this case. *Clark* says that the Court should defer to the FCC if *"a particularly complicated issue* that Congress has committed to a regulatory agency" is involved. *Id.* at 1114. But there is simply no such issue to be decided in this case. Nothing technical is before the Court. Certainly there is nothing about the only "technical"-related discussion in the NPRM, the "opt-out" mechanism that requires releasing a line within 5 seconds and other related rules. Those have nothing whatsoever to do with this case, and are not even subject to a private right of action under the TCPA. *See* Def's Request for Jud. Notice, Ex. 1 at page 16. But certainly this Court is not going to decide and then prescribe technical regulations in this case, as Defendant claims. In addition, Defendant argues the FCC is considering many technical arguments *relating to other issues examined in the NPRM*, Def's Memo at 10, but any such purported technical issues are far

removed from the issues in this case.  In sum, none of the issues cited by Defendant meet the *Clark* test for invoking primary jurisdiction.

Plainly Defendant misconstrues the respective duties of the FCC and the Court when it argues that this Court should "defer[] to the FCC's rulemaking process".  Def's Memo at 11.  What would the Court "defer" to?  Would it "defer" to the FCC to determine whether Defendant autodialed Plaintiff and other putative class members?  Of course not.  But that is the issue in this case.  But the deferral argument is completely a non-issue because Plaintiff is not contesting any part of the FCC's holdings or rulings about any technical issue before the FCC.  And the cases Defendant cites are those types of cases that might have conflicting rulings, not the "garden variety" calls to cell phones type of case that is the present case.

Defendant knows that very well, but still claims with its "smoke and mirrors" presentation  that the FCC's rulemaking process would somehow "be undermined if this Court (or others) issued rulings on the very issues currently pending before the FCC".  Def's Memo at 11.  Of course that broad statement is true in general but *it has no application here* at all because this Court will *not* be issuing any such rulings on issues currently before the FCC.  This Court will not be looking at any telephone technology issues, or other technical issues, that the FCC might deem to be in its bailiwick.  And again of course Defendant has not in its brief, and cannot now, point this Court to any such issue in particular.  But just stating the broad platitudes of why Courts should defer to the FCC in general is not a sufficient basis to stay this litigation simply because Defendant wants that result.  In sum, none of the issues cited by Defendant meet the *Clark* test for invoking primary jurisdiction.

## B. PLAINTIFF HAS SUFFICIENTLY STATED A CLAIM FOR RELIEF FOR A VIOLATION OF THE TCPA.

### 1. *Twombly & Iqbal* Do Not Require Any More Than Plaintiff Has Alleged.

Reading almost as if it the Rule 12(b)(6) portion of the motion was filed as an afterthought to its stay request, Defendant attempts to force in this case a more specific pleading standard on Plaintiff that the law requires under Rule 12(b)(6).  Defendant argues that Plaintiff's allegations in stating a TCPA claim for calling him on his cell phone somehow fail to meet those

standards, including those imposed by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).   However, Plaintiff's allegations clearly pass any Rule 12(b)(6) scrutiny because what is necessary under *Twombly* is that the factual allegations in the complaint "state a claim to relief that is plausible on its face. . ". *Twombly*, 550 U.S. at 570.   The Complaint in this action certainly does that. Allegations of material facts in the complaint are taken as true and construed in the light most favorable to the non-moving party, here the Plaintiff. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996).   Plaintiff only need provide a "short and plain statement of the claim showing that the pleader is entitled to some relief." Fed. R. Civ. Pro. 8(a)(2); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002). "The plaintiff generally need not plead particularized facts". *Bell Atl. Corp. v. Twombly, supra,* 550 U.S. at 570.   The *Twombly* Court held that the facts must move the allegations from "conceivable' to "plausible". *Id.*    To satisfy "plausibility", the complaint must allege sufficient evidentiary facts that if true will establish grounds for relief. *Ashcroft v. Iqbal, supra,* 129 S. Ct. at 1250. The Supreme Court in *Iqbal* held a claim has facial "plausibility" when there are facts sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, supra,* 129 S. Ct. at1949.  And the pleading complexity required depends on the type of action alleged. *Bell Atlantic Corp. v. Twombly, supra,* 550 U.S. at 566; *Cooney v. Rossiter,* 583 F3d 967, 971 (7th Cir. 2009) ("the pleading requirement is relative to the circumstances").

Here as the TCPA cases below instruct, pleading a TCPA claim is a very simple process requiring simple and general allegations.   Defendant argues that the Complaint only contains "conclusory recitations" of the elements of a TCPA cause of action.  Def's Memo at 13. That is clearly incorrect.   The legal elements are set forth as are the facts supporting a TCPA claim for relief.   The essence of any TCPA cell phone calling claim is simply that the Defendant violated the TCPA by its calls to the Plaintiff's cellular telephone either by an automatic telephone dialing system or with a prerecorded voice message, without the called party's prior express consent to be called in that manner.    That is exactly what Plaintiff has alleged here, and it certainly meets the *Twombly* and *Iqbal*  "plausible claim" test, as many other courts have

recently held in rejecting these same arguments, as set forth below.  Here Defendant, relying on *Abbas v. Selling SourceLLC,* 2009 WL 4884471 (N.D. Ill. 2009), seeks to have Plaintiff to essentially plead evidence best obtained in discovery, as courts below have held, and seeks to require allegations about *when* all the messages were received, *what* those messages said, or from *what telephone numbers* they were sent.  Def's Memo at 13-14.  But surprisingly Defendant fails to even mention the many cases out of the 9th Circuit that have rejected the same argument Defendant makes here.  In fact, Plaintiff could find no court whatsoever that has accepted Defendant's argument based upon *Abbas,* but found many that have rejected it.

### 2. Many Courts Have Found Allegations Similar to Plaintiff's to Be Sufficient.

TCPA cases do not require detailed pleading in order to meet the *Twombly* and *Iqbal* tests.  For example, Judge Marilyn Hall Patel in *Kazemi v. Payless Shoe Source, Inc.,* 2010 WL 963225 (N.D. Cal. 2010) recently rejected a similar Rule 12(b)(6)  *Twombly / Iqbal* attack on the pleadings in a TCPA case.  In that case, decided after *Abbas* and citing to *Abbas* for another point, plaintiff alleged text messages were sent to his cell phone without prior express consent.  That TCPA violation is based upon the same code violation as is alleged here, 47 U.S.C. Section 227 (b)(1)(A)(iii) because a text message is a "call" within the TCPA.  *Kazemi, supra,* *2, citing *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009). [2]  In analyzing the sufficiency of the TCPA allegations, the *Kazemi* court cited to and quoted 47 U.S.C. Section 227(b)(1)(A)(iii) (included in the citation in fn. 1 herein) as what needs to be examined to see if a claim for relief has been sufficiently alleged. Then the court analyzed the complaint allegations in light of that statute and found they were in fact plainly sufficient to state a claim under *Twombly* and *Iqbal*:

> Plaintiff alleges that he received at least two unsolicited text messages from defendants within the twelve month period prior to September 29, 2009, Complaint para. 18, and that he received at least one message from defendants after registering his mobile phone

---

[2]   *Kazemi* also contained a claim for violating the "Do Not Call" list, an allegation not contained in the present action and a violation of a separate code section,  47 U.S.C. Section 227(c) and the regulation implementing that section, 47 C.F.R. Section 64.1200(c).  That analysis is irrelevant for the purposes of this motion.

number on the National Do Not Call registry on or about June 28, 2009, *id.*, paras. 16 & 21. These allegations support a plausible inference that defendants violated a regulation prescribed under section 227 (c) of the TCPA.

*Id.* at *3.

(Paragraph 18 of the *Kazemi* complaint cited to by the court in that paragraph states in its entirety "On at least two other occasions in the twelve months prior to September 29, 2009, Plaintiff received similar text message spam calls from Defendants advertising Payless shoes sales and promotions.") Thus, the pleadings were held sufficient in *Kazemi* where the plaintiff alleged in general terms that he received some text calls, the call on September 29, 2009, and "at least two" others. Importantly, Plaintiff was not required to state the date(s) upon which he received them, but the broad statement "within a year" prior to the other call was sufficient. He was not required to state the content of the calls nor list the phone numbers called. Clearly, it was enough in *Kazemi* that plaintiff alleged that he received text calls violating the statute. Thus, the *Kazemi* court found those general allegations are sufficient to meet any Rule 12(b)(6) challenge under *Twombly* and satisfies any such requirement that facts must state on their face a "plausible" claim for relief under the TCPA.

Similarly, Judge Dana Sabraw of this District found very general allegations of a TCPA violation sufficient to withstand even what he called the "more stringent standard of review" of a *Twombley / Iqbal* Rule 12(b)(6) motion to dismiss in *Reyes v. Saxon Mortgage Services, Inc.,* 2009 WL 3738177 at *2 (S.D. Cal. 2009). There the TCPA allegations about the violations were general, as set forth in the opinion: "Defendant 'frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice [,]' and that Plaintiff was forced to bear the expense of these calls." *Id.* at *4. The court quoted the TCPA statute and found those allegations stated a claim for relief under that statute and were held sufficient to withstand a *Twombley / Iqbal* Rule 12(b)(6) motion to dismiss.

In the very recent case of *Kramer v. Autobytel*, 2010 WL 5463116 (N.D. Cal. 2010), the District Court in the Northern District of California also rejected the same argument made here asking for the date, time, number, content, etc. requirements of *Abbas*. As in *Kazemi* and

*Reyes*, the *Kramer* court refused to follow the stricter pleading requirements of *Abbas, supra*, urged by Defendant here, and instead followed in the Northern District of California's *Kazemi* decision. *Kramer* was also a texting case alleging TCPA violations under the same statute as here. Defendant filed a Rule 12(b)(6) motion, challenging the sufficiency of the complaint, and argued *Abbas* required more detail about the messages.   As in *Kazemi*, the *Kramer* court also rejected those arguments and denied the Rule 12(b)(6) motion. In applying *Twombly* and *Iqbal* standards, the court held that general allegations about the calls made are sufficient to provide notice of the claim to the defendant.   The court held that whether a claim is stated "under the TCPA turns on the statutory language of 47 U.S.C. Section 227(b)(1)(A)(iii)", quoted here in fn 1. The court held the "notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every text message." *Id.* at *6.   There, as here, plaintiff offered to produce the information about any calls and texts informally and in discovery. *Id.* at *5. (*See* Def's Memo at 4, fn. 9; 14.) But there, as here, the defendant sought by a Rule 12(b)(6) motion to elevate the discovery of facts to a "pleading requirement", (*Id.*) which was denied by the *Kramer* court. *Id.* at *6. This Court should also deny the Rule 12(b)(6) motion.

Another recent case has also followed *Kazemi* and rejected attempts to impose stricter pleading requirements as Defendant urges here. *See Brown v. Hostco & Buchan PLLC*, 2010 WL 4352932 (W.D. TN 2010), -- F. Supp.2d – 2010, where the complaint allegations stated that "within one year before her filing the Complaint, Hosto used an automatic telephone dialing system to call Brown's cellular telephone number in an effort to collect a debt she owed." *Id.* at *11. Citing *Kazemi, supra,* and *Reyes, supra*, the court held "Although not overwhelmingly detailed, Brown's factual allegations state a plausible claim for relief. . ." under the TCPA.   The court there denied the motion; and clearly those barebone facts are far less detailed than the facts in the present Complaint.

Comparing the allegations in Plaintiff's Complaint to those in the above cases, it is apparent the Plaintiff has sufficiently alleged a violation of 47 U.S.C. Section 227 (b)(1)(A)(iii). All that statute requires is that Plaintiff allege that he was called on his cell phone by Defendant through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

*Id.* The Complaint alleges that he was called on his cell phone by Defendant through the use of an automatic telephone dialing system or with prerecorded voice messages. Complaint, para. 15. ( "15. Almost immediately Defendant, or its agents, began calling Plaintiff on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A)." ) Plaintiff alleged he applied for credit with Providian / Washington Mutual but did not list his cell phone number on any such application for credit, and in fact did not have the cell phone called when he applied for credit. *Id.*, para. 9-10. Plaintiff also alleged he did not give his cell phone number to Defendant nor did he provide prior express consent to Defendant to be called on his cell phone. *Id.* at para. 11. Plaintiff alleged he fell behind in making payments in 2009. *Id.* at para. 12. Plaintiff further alleges his account was assigned or otherwise transferred to Defendant for debt collection. *Id.* at 13. Plaintiff also alleges Defendant obtained Plaintiff's cell phone number from a source other than Plaintiff, *Id.* at para. 14, and that Defendant then "almost immediately" began calling Plaintiff on his cell phone with the autodialer and with a prerecorded voice message. *Id.*, para. 15.

Therefore, under the decisions out of district courts in the Ninth Circuit discussed above, *Kazemi, Reyes* and *Kramer,* and *Brown* out of the Tennessee District Court relying on those cases, Plaintiff's allegations are clearly sufficient to meet the *Twombly* standard of pleading a claim that has "enough facts to state a claim to relief that is plausible on its face." *Twombly, supra*, 550 U.S. at 570. Thus, under the cases cited above, the statute does not require Plaintiff to insert the telephone number at which he was called, nor does it require that he state the dates on which he was called, or other detailed factual information sought by Defendant in this motion. Those are proper topics for discovery.

Also, Defendant feigns the inability to answer the complaint purportedly because the Complaint does not state which number it called. Def's Memo at 14. However, as Defendant admits, Plaintiff's counsel in fact provided that cell phone number to Defendant's counsel, but Defendant claims it was not in its database. *Id.* at 14. How would listing that cell phone number in the Complaint change those facts and permit a different Answer than Defendant could

presently provide based upon the present allegations?   Defendant can simply answer by denying that it called Plaintiff's cell phone and the case will proceed with discovery to determine the underlying facts.

Therefore, Plaintiff respectfully submits this Court should reject Defendant's attempt to impose stricter *Abbas* pleading requirements and follow better-reasoned cases out of this circuit which clearly permit the general allegations Plaintiff has alleged here.

### IV. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully submits this Court should deny Defendant's motion in its entirety.

Respectfully submitted,

Date: January 24, 2011

**LAW OFFICES OF DOUGLAS J. CAMPION**

By: /s/ Douglas J. Campion
DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone:  (619) 299-2091

**HYDE & SWIGART**
Joshua Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770

**KAZEROUNIAN LAW GROUP**
Abbas Kazerounian
2700 North Main Street, Suite 1050
409 Camino Del Rio South, Suite 303
Santa Ana, CA 92866
Telephone:  (800) 400-6806

Attorneys for Plaintiff