# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBINSON, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br> vs.<br><br>MIDLAND FUNDING, LLC,<br><br>         Defendant. | CASE NO. 10cv2261 MMA(AJB)<br><br>**ORDER DENYING DEFENDANT MIDLAND FUNDING, LLC'S MOTION TO DISMISS**<br><br>[Doc. No. 5] |

  This matter is before the Court on Defendant Midland Funding, LLC's motion to dismiss or stay Plaintiff Christopher Robinson's complaint on grounds the Federal Communications Commission has primary jurisdiction over issues raised in the Complaint. In the alternative, Defendant moves to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 5]. Plaintiff filed an opposition to the motion, to which Defendant replied [Doc. Nos. 10 & 11]. The Court took the matter under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1 [Doc. No. 12]. For the following reasons, the Court **DENIES** Defendant's motion.

### BACKGROUND

  Plaintiff Christopher Robinson applied for credit with Providian/Washington Mutual. Plaintiff did not provide Providian/Washington Mutual with his cellular telephone number, nor did he give prior express consent to Providian/Washington Mutual to call his cellular telephone with the use of an autodialer or prerecorded message. In early 2009, Plaintiff became delinquent on one

or more accounts with Providian/Washington Mutual. As a result, one account was assigned, transferred, or otherwise given to Defendant Midland Funding LLC for collection purposes. Thereafter, Defendant started calling Plaintiff on his cellular telephone with an automatic telephone dialing system that used an artificial or prerecorded voice for non-emergency purposes. Because the calls were made to Plaintiff's cellular telephone, Plaintiff incurred the charges of the incoming telephone calls. Plaintiff did not provide his cellular telephone number to Defendant.

On November 2, 2010, Plaintiff filed a class action lawsuit against Defendant on behalf of himself and others similarly situated. Plaintiff brings two causes of action against Defendant, claiming that it negligently and willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. section 227. On December 23, 2010, Defendant filed the instant motion to stay or dismiss Plaintiff's complaint as to all causes of action.

### DISCUSSION

**1. Defendant's Rule 12(b)(6) Motion to Dismiss**

a) <u>Legal Standard</u>

A complaint survives a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. -- , 129, S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Dismissal for failure to state a claim is appropriate only when the complaint fails to give the defendant fair notice of a legally cognizable claim and the grounds on which the claim rests. *Twombly*, 550 U.S. at 555. Additionally, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Kazemi v. Payless Shoesource, Inc.*, 2010 WL 963225 *1 (quoting *Iqbal*, 556 U.S. -- 129, S. Ct. at 1950). The court, accepting all factual allegations as true, reviews the contents of the complaint by drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the reviewing court need not accept plaintiff's "legal conclusions" as true. *Iqbal*, 556 U.S. -- , 129, S. Ct. at

1  1949.

2  Generally, in determining whether a complaint should be dismissed under Rule 12(b)(6), a court may not look beyond the complaint for additional facts. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). However, there are exceptions in which a court may consider extrinsic evidence without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). Judicial notice may be taken of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Additionally, a court may take judicial notice of "matters of public record." *Lee*, 250 F.3d at 689.

   b) <u>Analysis</u>

     i. *Request for Judicial Notice*

In support of its motion to dismiss or stay, Defendant requests the Court take judicial notice of seventeen documents: (1) Notice or Proposed Rulemaking, Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 (proposed Jan. 22, 2010); (2) Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd 8752 (1992); (3) Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum Opinion and Order, 10 FCC Rcd 12391 (1995); (4) 137 Cong. Rec. S16204-01 (daily ed. Nov. 7, 1991); (5) 137 Cong. Rec. H11307-01 (daily ed. Nov. 26, 1991); (6) Excerpts from In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd 14014 (2003); (7) Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling, Declaratory Ruling, 23 FCC Rcd 559 (2008); (8) Department of Education Comments on Proposed Changes to FCC Regulations; (9) Comment to Proposed Amendments to the Telephone Consumer Protection Act Regulations, Department of the Treasury (May 20, 2010); (10) ACA International's Comment to Proposed Amendments to the Telephone Consumer Protection Act Regulations (May 21, 2010); (11) Comments of the National Retail Federation (May 21, 2010); (12) Letter from Rep. Jim Matheson,

et. al., to the FCC (Dec. 3, 2010); (13) Comments of JP Morgan Chase & Co. (May 21, 2010); (14) Comments of the Financial Services Roundtable, The American Bankers Association, and the Consumer Bankers Association (May 21, 2010); (15) Comments of Wells Fargo & Co. (May 21, 2010); (16) ACA International's Reply Comment to Proposed Amendments to the Telephone Consumer Protection Act Regulations (June 21, 2010); (17) Letter from Sen. Robert Bennett, et. al., to the FCC (Aug. 24, 2010). Plaintiff has not opposed Defendant's request or disputed the authenticity of these documents.

Defendant correctly asserts that judicial notice of documents (1) through (17) is appropriate under Federal Rule of Evidence 201(b) because the documents are of public record and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Moreover, courts regularly take judicial notice of documents such as (1), (2), (3), and (6) through (17), which are documents that are administered by or publicly filed with the administrative agency. *See N.W. Envtl. Advocates v. EPA,* 537 F.3d 1006, 1026–27 (9th Cir. 2008) (taking judicial notice of contents of EPA's request for public comment); *Moore v. Verizon Commc'ns, Inc*., 2010 WL 3619877 *3 (N.D. Cal. 2010) (taking judicial notice of published decisions, orders, and policy statements of the FCC); *Green v. T-Mobile USA, Inc.*, 2008 WL 351017 at *2 (W.D. Wa. 2008) (taking judicial notice of comments and petitions filed with the FCC). Additionally, documents (4) and (5) are appropriate because a court may take "judicial notice of the legislative histories of statutes." *Rocky Mtn. Farmers Union v. Goldstene*, 719 F.Supp.2d 1170, 1186 (E.D. Cal. 2010). Accordingly, the Court grants Defendant's request for judicial notice as to these documents.

ii. *Plaintiff Sufficiently Pleads His Complaint*

Defendant argues that Plaintiff fails to sufficiently state a claim for violation of section 227(b)(1)(A) of the TCPA, which provides:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular phone . . . or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). Defendant asserts that Plaintiff's complaint fails to plead facts "as

to how many calls were made, when they were made, or what was stated on the call." [Doc. No. 5.] However, federal "notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context" of every telephone call. *See Kramer v. Autobytel, Inc.*, 2010 WL 5463116 *6 (N.D. Cal. 2010). Here, although Plaintiff's allegation that Defendant made calls to his "cellular telephone via an 'automatic telephone dialing system' . . . using 'an artificial or prerecorded voice'" for which he was charged [Complaint ¶¶ 15–16] seem vague, neither section 227(b)(1)(A)(iii) nor Federal Rule of Civil Procedure 8 requires Plaintiff to plead his claim with particularity. *See id.*; *Kazemi*, 2010 WL 963225 at*2. Additionally, in *Reyes v. Saxon Mortgage Services, Inc.*, this Court held that the plaintiff's claims were properly pleaded, where he alleged that defendant "frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system . . . and an artificial or prerecorded voice" and the plaintiff bore the expense of those calls. *Reyes v. Saxon Mortg. Services, Inc.*, 2009 WL 3738177 *4 (S.D. Cal. 2009). Here, Plaintiff's pleading is nearly identical to the pleading in *Reyes*. Therefore, the Court **DENIES** Defendant's motion to dismiss for failure to state a claim.

       **2.**       **Defendant's Motion to Stay or Dismiss on Primary Jurisdiction Grounds**

              a)       <u>Legal Standard</u>

The primary jurisdiction doctrine is applicable only if a claim "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008) (quoting *Brown v. MCI WorldCom Network Servs.*, 277 F.3d 1166, 1172 (9th Cir. 2002). This doctrine is *not* designed to allow courts to acquire expert advice from agencies whenever it is presented with an issue that is within the agency's scope of expertise. *Id.* Although there is no fixed formula as to when the primary jurisdiction doctrine applies, the 9th Circuit has instructed courts to invoke the doctrine where there is: (1) a need to resolve an issue that (2) Congress placed within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration. *Id.* at 1115.

///

b)     <u>Analysis</u>

Defendant asserts the primary jurisdiction doctrine applies to the case at bar, compelling the Court to stay or dismiss this action pending review by the Federal Communications Commission ("FCC") of issues addressed in its January 22, 2010 Notice of Proposed Rulemaking ("NPRM").  In the NPRM, the FCC announced that it is considering revising its TCPA rules to require companies to obtain express written consent from the called party prior to placing automated, pre-recorded calls.  [Doc. No. 5 (citing Defendant's Request for Judicial Notice ("RJN"), Exh. 1, pg. 2).]  Defendant concedes that the FCC's final decision on this issue would not impact this case, since any change in the rule would not apply retroactively.  [Doc. No. 11, pg. 5, fn. 5.]  According to Defendant, however, ruling on the issue posed by the NPRM will require the FCC to clarify other issues that do impact this case, specifically,  "whether the TCPA's restrictions apply to debt collectors and, if so, whether the automatic dialing equipment used by debt collectors falls within the statutory definition of 'automatic telephone dialing system." [Doc. No. 5, pg. 10.] Because Defendant is a debt collector whom Plaintiff alleges used an automatic dialing system in violation of the TCPA, Defendant argues that adjudication of Plaintiff's claims would undermine the FCC's authority and decision making in this area.  However, the issues currently before the FCC are not relevant to this action, much less dispositive of Plaintiff's claims.

Defendant cites to the *Clark* case for support.  In *Clark*, the court held the FCC had primary jurisdiction over the plaintiff's claim because the "Notice posed two specific questions" relevant to the plaintiff's claim and could not be resolved without first deciding the issue in the NPRM.  *Id.* at 1113–14.  The plaintiff in that case claimed the defendant, a Voice over Internet Protocol technology ("VoIP") provider, violated 46 U.S.C. section 258(a), a federal statute prohibiting telecommunications carriers from switching a consumer's telephone service without prior consent.  The issue before the court, whether a VoIP provider was considered a telecommunications carrier, was the same issue addressed in the FCC's NPRM, which sought comment on how to define and regulate VoIP and similar services.

Defendant also relies on the Sixth Circuit's holding in *Charvat v. EchoStar Satellite*.  In that case, the court invoked the primary jurisdiction doctrine and referred its case to the FCC

because the answer to the issue before the court "turn[ed] on the meaning of several provisions of the [TCPA] and its regulations." *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 465 (6th Cir. 2010). The issue, whether the TCPA permitted the plaintiff to recover damages from an entity that did not place any illegal calls to him but whose independent contractors did, required the FCC's statutory authority to interpret the Act because the statute was ambiguous and the issue was one of first impression. *Id.* at 465–66.

Unlike the case in *Clark* where the issue in the NPRM was directly on point with the issue before the court, here, the NPRM invites comment as to whether the TCPA should be revised to "requir[e] sellers and telemarketers to obtain telephone subscribers' express written consent (including electronic methods of consent) to receive prerecorded telemarketing calls even when there exists an established business relationship between the caller and the consumer." [Defendant's RJN, Exh. 1]. Here, Plaintiff simply alleges that he did not give express consent to Defendant at all. There is no issue posed in the complaint as to the form of consent. This case is distinguishable from *Clark* because the issues addressed in the NPRM are different from the issue before the Court; the NPRM addresses whether to impose a requirement to obtain written consent from consumers, *not* whether the TCPA applies to debt collectors. The FCC has already issued a declaratory ruling stating debt collectors who make autodialed or prerecorded calls to a wireless number are responsible for any violation of the TCPA. [*See* Defendant's RJN, Exh. 7, ¶¶ 10 & 14.] The FCC's declaratory ruling on the issue before this Court distinguishes this case from *Charvat* as well because the issue here is not one of first impression and does not implicate the FCC's authority to interpret the TCPA since it has already ruled on the issue.

In addition, the FCC has ruled previously on the other key elements of a TCPA claim, defining "automatic telephone dialing system" and clarifying prior consent. [*See* Defendant's RJN, Exh. 7, ¶¶ 9–14.] The FCC ruled predictive dialers used by debt collectors fall within the meaning of autodialers, thereby refusing to carve out an exception for debt collectors. [*See id.*] With regard to prior consent, the FCC ruled that it is the creditor's burden to show the wireless number was provided by the consumer to the creditor during the transaction that resulted in the debt owed. [*See id.*] Therefore, the issue before the Court, whether Defendant, a debt collector,

violated the TCPA provision prohibiting calls made to cellular telephone numbers without Plaintiff's consent for non-emergency purposes, is materially different from the narrow issue presented in the NPRM and has been addressed by the FCC.

The Court acknowledges that while the NPRM does not *solicit* commentary on the issue directly before the Court, the selection of comments Defendant includes in its RJN do in fact comment on issues raised by Plaintiff's claims. Not surprisingly, these comments are mostly from creditors and collectors such as Wells Fargo, JP Morgan Chase, American Bankers Association, and National Retail Federation, urging the FCC to reconsider whether the TCPA should apply to debt collectors and whether certain technology used by debt collectors should be excluded from TCPA's definition of autodialer. Defendant correctly asserts that federal agencies are required to respond to comments that raise relevant points, and if adopted, would require a change in the agency's proposed rule. *American Min. Congress v. EPA*, 965 F.2d 759, 771 (9th Cir. 1992). However, "an agency adopting final rules that differ from its proposed rule are required to renotice" when the final rules are not a "'logical outgrowth' of the rules as proposed." *Connecticut Light and Power Co.v. NRC*, 673 F.2d 525, 533 (D.C. Cir. 1982); *see also Envtl. Integrity Project v. EPA*, 425 F.3d 992, 998 (D.C. Cir. 2005) (holding the EPA's final rule was invalid because it was not a logical outgrowth of its NPRM).

Here, even if the Court assumes the FCC's final rule will deviate from its NPRM, the Court has to further assume the final rule would be deemed valid as a logical outgrowth of the NPRM, an unlikely outcome when the FCC has already determined the TCPA applies to debt collectors and the definition of "automatic telephone dialing system" includes "predictive dialers." Therefore, the Court finds that the primary jurisdiction doctrine does not apply, and neither dismissal nor a stay of this case is required. The issues before the Court are not ones of first impression, are not addressed directly in the NPRM, and do not require the Court to rely upon future action by the FCC, as resolution of Plaintiff's claims calls upon the conventional experience of this Court.

The Court further notes although the novelty and creativity of Defendant's arguments are commendable, they are misplaced. Defendant does not cite to any case law that supports its position that the Court should dismiss this case pending the FCC's resolution of this particular

1  NPRM. And, after a survey of the available TCPA case law, the Court has not found any case law
2  that supports Defendant's position. Nor has Defendant made a convincing argument for why the
3  Court should stay the case on the basis of third party commentary to an NPRM which addresses an
4  issue that is tangential, at best, to the case at bar.

5  Accordingly, the Court **DENIES** Defendant's motion to stay or dismiss on the grounds of
6  primary jurisdiction.

### CONCLUSION

8  Based on the foregoing, the Court **DENIES** Defendant's motion to dismiss in its entirety.

9  **IT IS SO ORDERED.**

10 DATED: April 13, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge