HOGAN LOVELLS US LLP
Richard L. Stone (Bar No. 110022)
richard.stone@hoganlovells.com
Amy M. Gallegos (Bar No. 211379)
amy.gallegos@hoganlovells.com
Asheley G. Dean (Bar No. 245504)
asheley.dean@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Attorneys for Defendants
Midland Funding LLC and
Midland Credit Management, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Robinson, Individually and on Behalf All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Midland Funding, LLC, and Midland Credit Management, Inc.<br><br>Defendants. | Case No. 10 CV 02261-MMA-MDD<br><br>**DEFENDANTS MIDLAND FUNDING, LLC'S AND MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

\\\\LA - 036745/000011 - 486557 v1

Defendants Midland Funding, LLC and Midland Credit Management, Inc., (hereinafter, "Defendants"), by and through their undersigned counsel, hereby respond to the allegations of Plaintiff Christopher Robinson's ("Plaintiff's") First Amended Complaint as follows:

## NATURE OF ACTION

1. Defendants admit that Plaintiff purports to bring an action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Defendants lack sufficient knowledge or information to form a belief as to the truth of whether Plaintiff's allegations are upon personal knowledge and information and belief, and on that basis, denies them. The remaining allegations contained in paragraph 1 constitute Plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent a response is necessary, Defendants deny them.

## JURISDICTION AND VENUE

2. Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 (d) (2) and (d) (2) (A) and pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Defendants further admit that Defendant Midland Funding, LLC is a Delaware Corporation and that Defendant Midland Credit Management, Inc. is a Kansas Corporation. Defendants admit that they maintain their headquarters in San Diego, California. Defendants deny the remaining allegations contained in paragraph 2.

3. Paragraph 3 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants admit that venue is proper in this Court at this time. Defendants admit that they conduct business in the County of San Diego and that their primary corporate headquarters are within this judicial district.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

\\\LA - 036745/000011 - 486557 v1

- 1 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

## PARTIES

4.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis, deny them.

5.  Paragraph 5 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants admit that Defendant Midland Credit Management, Inc. is a corporation and that Defendant Midland Funding, LLC is a limited liability company. Defendants admit that they conduct business in the State of California and in the County of San Diego, and within this judicial district. Defendants deny the remaining allegations contained in paragraph 5.

## FACTUAL ALLEGATIONS

6.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis, deny them.

7.  Defendants admit that Defendant Midland Credit Management, Inc. is a corporation and that Defendant Midland Funding, LLC is a limited liability company. The remainder of Paragraph 7 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 7.

8.  Defendants admit that they conduct business in the State of California and in the County of San Diego, and within this judicial district, and that their primary corporate headquarters are within this district. Defendants deny the remaining allegations contained in paragraph 8.

9.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis, deny them.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

\\\\LA - 036745/000011 - 486557 v1

- 2 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis, deny them.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis, deny them.

13. Defendants admit that Midland Funding, LLC acquired one of Plaintiff's accounts. Defendants deny the remaining allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Paragraph 15 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 15.

16. Paragraph 16 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis, deny them.

17. Paragraph 17 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants admit that any telephone calls made by Defendants to Plaintiff were not for emergency purposes. Defendants deny the remainder of the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Paragraph 19 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 19.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

\\LA - 036745/000011 - 486557 v1

## CLASS ACTION ALLEGATIONS

20. The allegations in paragraph 20 are Plaintiff's characterization of this action, to which no response is required. To the extent a response to these allegations is deemed to be required, Defendants admit that Plaintiff purports to bring this claim on behalf of a class, but deny that this action meets the requirements of Fed. R. Civ. P. 23 or that Plaintiff is a proper class representative.

21. The allegations in paragraph 21 are Plaintiff's characterization of this action and description of the proposed class, to which no response is required. To the extent a response to these allegations is deemed to be required, Defendants admit that Plaintiff purports to bring this claim on behalf of a class, but deny that this action meets the requirements of Fed. R. Civ. P. 23 or that Plaintiff is a proper class representative. Defendants further reserve their right to amend their answer to include additional defenses or counterclaims against the proposed class, in the event a class is certified.

22. Defendants admit that Plaintiff purports to bring this claim on behalf of a class, but deny that this action meets the requirements of Fed. R. Civ. P. 23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 22, and on that basis, deny them.

23. Defendants deny the allegations contained in paragraph 23.

24. The Class Action complaint speaks for itself. Defendants deny any liability for damages or injunctive relief.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

\\\\LA - 036745/000011 - 486557 v1

- 4 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32, and on that basis, deny them.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

35. In response to the allegations contained in paragraph 35, Defendants re-allege and incorporate by reference their responses to the allegations made in paragraphs 1-34.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

39. In response to the allegations contained in paragraph 39, Defendants re-allege and incorporate by reference their responses to the allegations made in paragraphs 1-34.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

\\\LA - 036745/000011 - 486557 v1

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1. Plaintiff's First Amended Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Estoppel, Waiver, Laches)

2. Plaintiff's First Amended Complaint, and each cause of action set forth therein, is barred by the doctrines of estoppel, waiver and laches.

### Third Affirmative Defense

(Unclean Hands)

3. Plaintiff's First Amended Complaint, and each cause of action set forth therein, is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

(Consent)

4. Plaintiff's First Amended Complaint, and each cause of action set forth therein, is barred because Plaintiff consented to all conduct surrounding the occurrences alleged in the Complaint.

### Fifth Affirmative Defense

(No Causation)

5. Plaintiff's First Amended Complaint, and each cause of action set forth therein, is barred because Plaintiff's purported injury has been caused, in whole or in part, by Plaintiff's own conduct, actions, omissions, delay or failure to act.

### Sixth Affirmative Defense

(Set-off/Recoupment)

6. Defendants have a defense of set-off or recoupment as to any alleged damages owed to Plaintiff.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

\\\\LA - 036745/000011 - 486557 v1

### Seventh Affirmative Defense

(Justification/Privilege)

7.     Plaintiff's First Amended Complaint, and each cause of action set forth therein, is barred because Defendants' conduct was justified and/or privileged.

### Eighth Affirmative Defense

(No Class Action)

8.     Plaintiff's claims are barred because he cannot satisfy any or all of the requirements for maintaining a class action under Fed. R. Civ. P. 23.

### Ninth Affirmative Defense

(No Standing)

9.     Plaintiff lacks standing to bring the claims as alleged in the First Amended Complaint, either individually, or on behalf of the putative class.

### Tenth Affirmative Defense

(Unjust Enrichment)

10.     Plaintiff's First Amended Complaint, and each cause of action set forth therein, is barred because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

### Eleventh Affirmative Defense

(Arbitration)

11.     To the extent that the underlying loan documents signed by Plaintiff or any putative class members require arbitration, Plaintiff's and/or such putative class members' claims are subject to mandatory arbitration.

### Twelfth Affirmative Defense

(Adequate Remedy at Law)

12.     Plaintiff's injunction remedy is barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

\\LA - 036745/000011 - 486557 v1

### Thirteenth Affirmative Defense

(Statute of Limitations)

13. Plaintiff's First Amended Complaint, and each cause of action set forth therein, is barred by the statute of limitations.

### Fourteenth Affirmative Defense

(Waiver of Class Action)

14. To the extent that the underlying loan documents signed by Plaintiff or any putative class member contained or incorporated a class action waiver, Plaintiff and/or such putative class members have waived their right to bring this action as a class action.

### Fifteenth Affirmative Defense

(Primary Jurisdiction)

15. Plaintiff's First Amended Complaint, and each cause of action set forth therein, should be dismissed or stayed under the doctrine of primary jurisdiction.

### Sixteenth Affirmative Defense

(Additional Defenses)

16. Defendants expressly and specifically reserve the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's and the putative class's claims and Defendants' position in this litigation.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that the Court determine and adjudge as follows:

1. That the Action cannot be maintained as a Class Action;
2. That the First Amended Complaint be dismissed with prejudice;
3. That Plaintiff take nothing by his First Amended Complaint;
4. That judgment be rendered in favor of Defendants;

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

\\\LA - 036745/000011 - 486557 v1

1   5.   That Defendants be awarded all of their costs, disbursements, and
2   expenses incurred herein; and,
3   6.   That the Court award such other and further relief as it deems just and
4   proper.

6   Respectfully submitted this 7th day of June, 2011.

8   Dated:   June 7, 2011                HOGAN LOVELLS US LLP

10                                       By:   /s/ Amy M. Gallegos
                                               Richard L. Stone
11                                             Amy M. Gallegos
                                               Asheley G. Dean
12                                             Attorneys for Defendant
                                               Midland Credit Management, Inc.

14                                       HOGAN LOVELLS US LLP
                                         1999 Avenue of the Stars, Suite
                                         1400
15                                       Los Angeles, California 90067
                                         Telephone: (310) 785-4600
16                                       Facsimile: (310) 785-4601
                                         amy.gallegos@hogan.lovells.com

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

ANSWER TO AMENDED COMPLAINT
No. 10 CV 2261 MMA MDD

\\\LA - 036745/000011 - 486557 v1